IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NICHOLAS EWING PALEVEDA,

    Petitioner[1],

v.                                                                          CASE NO. 1:21-cv-68-AW-GRJ

MARK W. MOSELEY,

    Respondents.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 5, and Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 6.  Petitioner's motion for leave to proceed as a pauper is due to be **GRANTED**.  For the reasons explained below, however, it is respectfully **RECOMMENDED** that the Petition should be summarily **DISMISSED** because it is without merit.

Petitioner is a pretrial detainee at the Alachua County Jail awaiting trial or resolution of the charge against him for aggravated assault with a deadly weapon.  *See* Case No. 01-2020-CF-3095-A (Fla. 8th Cir. Ct.).  The

---

[1] The **Clerk** is directed to amend the docket to state that this is a habeas proceeding, notwithstanding Petitioner's initial filing of a civil rights Complaint.

state trial court recently found Petitioner incompetent to stand trial, and Petitioner seeks to challenge the constitutionality of that order. ECF No. 5 at 3–7. In short, Petitioner argues that he was provided ineffective assistance of counsel, that order finding him incompetent was based on his religious beliefs (in violation of the First Amendment), that the underlying criminal case is allegedly based on the testimony of two "drug dealers," that the duration of his pretrial detention has been unduly long relative to the charge, that the Court lacks jurisdiction (because his landlord "is best equipped to resolve this dispute), and that he is "the son of man." *Id.*

Petitioner may challenge his confinement by filing a petition for writ corpus pursuant to 28 U.S.C. § 2241 regardless of whether final judgment has been rendered. *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988). Petitioner, however, is subject to the Rules Governing Section 2254 Cases. *Gorrell v. Hastings*, 541 F. App'x 943, 946 (11th Cir. 2013) (citing Rules Governing § 2254 Cases, R. 1(a)). As such, the Court must summarily dismiss the instant petition without service on Respondents if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rules Governing § 2254 Cases, R. 4; *see also* 28 U.S.C. § 2243 (requiring

response to petition for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto"); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]").  "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020).

      The instant petition is due to be dismissed because Petitioner has failed to demonstrate that he exhausted his state court remedies before seeking federal relief.  The Court advised Petitioner on April 23, 2021, that he "must 'give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary.'" ECF No. 4 at 5 (quoting *Pruitt v. Jones*, 348 F.3d 1355, 1358–59 (11th Cir. 2003)).  Petitioner does not allege or otherwise show that he availed himself of Florida's appellate courts before turning to this federal court for relief.  *See Gentzen v. State*, 689 So. 2d 1178, 1179 (Fla. 1st DCA 1997) (the "means traditionally employed" to challenge the non-final order finding a defendant

incompetent to proceed is a "petition for writ of habeas corpus" to the Florida District Court of Appeal with jurisdiction over the trial court). Because exhaustion is a critical condition precedent to habeas relief, *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring), the instant Petition cannot be granted.

Alternatively, Petitioner fails to offer any basis for this Court to enter an injunction that would interfere with his ongoing criminal proceedings in state court. The Court must abstain from granting injunctive or declaratory relief that affects a state criminal prosecution unless Petitioner pleads sufficient facts that plausibly demonstrate evidence of bad faith in the prosecution, irreparable injury from abstention, or the absence of an adequate alternative state forum where federal constitutional issues can be raised. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004).

Notwithstanding the Court's prior explanation of the *Younger* abstention doctrine to Petitioner, ECF No. 4 at 5, he does not allege in the Petition any irreparable injury that would result from abstention. He also cannot claim that he lacks an adequate alternative state forum to raise any constitutional challenges to the competency order in issue because, as

4

explained above, he may file a petition for writ of habeas corpus in the District Court of Appeal. Lastly, the Petition lacks a "substantial allegation" of bad faith, such that this Court could find the ongoing prosecution has been brought without any intent to secure a conviction or with the intent to harass Petitioner. *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009). Because vacating the non-final order of the trial court would create an "undue interference" with his continued criminal prosecution, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989), the *Younger* abstention doctrine applies and bars habeas relief.

This leaves Petitioner's two pending motions. *See* ECF No. 7 (Motion to Appoint Counsel); ECF No. 8 (Motion for Preliminary Injunction). Although these motions are due to be denied as moot in view of this recommendation of a summary dismissal, it bears mentioning that they are without merit.

As to Petitioner's request for counsel, the Court does not have authority to require an attorney to represent an indigent litigant under the *in forma pauperis* statute, 28 U.S.C. § 1915, *Mallard v. U.S. Dist. Court for the S.D. Iowa*, 490 U.S. 296, 301-02 (1989), and the legal issues raised are not so novel or complex as to require the assistance of a trained practitioner,

*Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).[2]

As to the request for a preliminary injunction, Petitioner does not state in his motion whether he provided any of the Respondents requisite notice of his request for a preliminary injunction. Fed. R. Civ. P. 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party."); *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction."). In the same vein, the Court does not have jurisdiction to enter an injunction unless and until Respondents are properly served. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

Accordingly, it is **ORDERED**:

1. The **Clerk** is directed to amend the docket to state that this is a habeas proceeding.

---

[2] Indeed, the difficulties presented to Petitioner are typical of those experienced by other incarcerated *pro se* litigants in civil rights cases, which do not themselves necessitate counsel. See *Sumlin v. Lampley-Copeland*, 757 F. App'x 862, 866 (11th Cir. 2018); *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015); *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014).

2. Petitioner's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 6, is **GRANTED**.

3. Petitioner's Motion to Appoint Counsel, ECF No. 7, is **DENIED**.

4. Petitioner's Motion for Preliminary Injunction, ECF No. 8, is **DENIED**.

Further, it is respectfully **RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 5, should be summarily **DISMISSED.**

**IN CHAMBERS** this 19th day of May 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.